**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BYRON L. CONWAY,
ADC #113285                                                                                          PLAINTIFF

V.                                          5:10CV00350 BSM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Byron L. Conway, who is a prisoner in the Grimes Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, because it is redundant of *Conway v. Jackson*, 5:10CV00225 JLH/BD.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.

## II. Discussion

Plaintiff alleges that, on April 21, 2010, Defendant Captain Moses Jackson, III, used excessive force when he stopped Plaintiff from hanging himself. *See* docket entry #2. Plaintiff further contends that Defendants ADC Director Ray Hobbs, ADC Assistant Director Larry May, and Warden Danny Burl are legally responsible for Defendant Jackson's actions because they failed to properly train Defendant Jackson and/or failed to take corrective action against him during the grievance process. *Id.* Importantly, Plaintiff has already raised the identical claims against these four Defendants in *Conway v. Jackson*, 5:10CV00225 JLH/BD, which is currently pending in the Eastern District of Arkansas.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening process mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITH PREJUDICE, because it is redundant of *Conway v. Jackson*, 5:10CV00225 JLH/BD.

2. The dismissal of this action CONSTITUTE a strike, pursuant to 28 U.S.C. § 1915(g), because it is frivolous.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

---

Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Dated this 4th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE